UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY LILLARD, <br><br> Plaintiff, <br><br> v. <br><br> DIANE THEWS, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-175-GSL-AZ |

OPINION AND ORDER

Larry Lillard, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Lillard alleges that, on March 9, 2023, he severely burned his hands, legs, and feet with boiling water in his cell at the Indiana State Prison. Correctional staff escorted him to the medical unit. Nurse Boggs examined him and assessed extensive and severe burns to the hands and feet and a high level of pain. She consulted with Nurse Practitioner Thews, who provided him with Tylenol and did not further examine him. Nurse Boggs informed him that he would not go to the emergency

room or see a burn specialist but that he would see a facility doctor and receive treatment at the prison. Over the next twelve days, he was escorted to the medical unit on a daily basis where he continued to complain of pain and damage caused by the burns to Nurse Practitioner Pflughaupt, Nurse Practitioner Fagan, Nurse Practioner Thews, and Nurse Boggs, and he did not see a facility doctor. He also asked to see an outside specialist but did not see one. On March 20, 2023, Lillard escalated his concern to a correctional official, who arranged transportation to a local hospital for Lillard within minutes. At the local hospital, the physician referred Lillard to a burn specialist in Fort Wayne citing the length of time since the burn was incurred. As a result of this delay, he has incurred severe scarring and damage to the muscles and nerves in his hands and feet. Based on these allegations, Lillard seeks monetary damages.

Lillard asserts an Eighth Amendment claim against Nurse Practitioner Pflughaupt, Nurse Practitioner Fagan, Nurse Practioner Thews, and Nurse Boggs for acting with deliberate indifference to his serious medical needs by providing inadequate treatment for his severe burns. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily

2

recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Lillard has plausibly stated an Eighth Amendment claim of deliberate indifference to serious medical needs against these defendants.

The court has also considered Lillard's assertion in the complaint that his claims are ongoing. This assertion conflicts with the factual allegations, which do not suggest that the defendants' deliberate indifference toward Lillard's burns persisted beyond March 20, 2023. As a result, the court limits the scope of the claim against these defendants to March 9, 2023, to March 20, 2023.

For these reasons, the court:

(1) GRANTS Larry Lillard leave to proceed on an Eighth Amendment claim against Nurse Practitioner Pflughaupt, Nurse Practitioner Fagan, Nurse Practioner Thews, and Nurse Boggs in their individual capacities for compensatory and punitive damages for acting with deliberate indifference to serious medical needs by failing to properly treat his burns from March 9, 2023, to March 20, 2023;

(2) DISMISSES all other claims; and

(3) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Pflughaupt, Nurse Practitioner Fagan, Nurse Practioner Thews, and Nurse Boggs to respond by June 2, 2025, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b),

only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on April 29, 2025

                                                  /s/Gretchen S. Lund
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT